Dr. Robert ROSS *v.* Jimmy PATTERSON, et al.

90-259                                                    821 S.W.2d 785

Supreme Court of Arkansas
Opinion delivered January 21, 1992

102

*Phillip Malcolm*, for appellant.

*Morgan E. Welch*, for appellee.

PER CURIAM. On February 12, 1990, the trial court entered its judgment in favor of the separate appellee, Dorothy Patterson, individually, against the appellant, Dr. Robert Ross, in the sum of $195,000.00 with interest.

On March 14, 1990, Dr. Ross filed a notice of appeal and designation of record designating "the entire record and all proceedings, exhibits, and evidence in the case and documents introduced or proffered, including post trial motions and proceedings or proffered, including post trial motions and proceedings to be contained in the record on appeal." Contemporaneous with the filing of this notice of appeal, Dr. Ross filed a motion for extension in which to file the record on appeal, noting that the court reporter had informed Dr. Ross that she would be unable to prepare the record and transcript in the normal ninety-day filing period.

Ms. Patterson did not object to Dr. Ross's designation of the *entire* record and request that all proceedings be transcribed and included in the record on appeal; however, she did file a formal objection, with supporting brief, complaining that "all that is sought by the appellant is a delay of the appeal." She made no mention of the fact that Dr. Ross had designated the entire record.

Ms. Patterson now requests that this court vacate the judgment for costs against her, modify the judgment, and allow her to brief what costs were reasonable and necessary in association with the successful appeal of Dr. Ross. Under the circumstances of this case, Ms. Patterson's request is without merit and is denied.

Arkansas Sup. Ct. R. 24(b) addresses the taxation of costs upon the reversal of a case and provides that "[a]ppellant may recover brief costs not to exceed $4.00 per page for printed brief or $3.00 per page for typewritten brief; the total costs not to exceed $500.00, filing fee of $100.00 and certified cost of transcript."

On November 26, 1991, the Clerk of the Supreme Court filed a mandate for costs against the appellees as follows:

| Appellant's brief | $ | 500.00 |
| Filing Fees | $ | 100.00 |
| Record | | $12,283.00 |

It has been a long-standing practice of this court, upon reversal of a case, to assess costs in favor of the prevailing party under Rule 24(b). Granted, full costs and fees under this rule can be harsh from time to time; however, we do not feel that, under the circumstances, we should reopen this case for an examination of the record to make a determination as to the assessment or proration of costs, particularly in light of the fact that the non-prevailing party, Ms. Patterson, did not question the designation of the entire record on appeal during the course of the appeal. It was not until we had concluded our appellate review and made the assessments of costs against her that she now complains.

To complain at this late date and ask this court to re-examine the transcript of the trial places an undue burden on the court and, for this reason, the motion to vacate is denied.

Since Ms. Patterson, individually, was the recipient of the judgment against Dr. Ross, it necessarily follows that, as the non-prevailing party, the mandate of the court as to payment of costs must be assessed against her.

While the dissenting members of the court disagree with the results of this case, they concede that Dr. Ross has prevailed in this cause and that this *per curiam* correctly sets out the court's rule in awarding costs. Therefore, they concur with the majority to the extent that costs are recoverable to the prevailing party under the circumstances of this case.